Dear Mr. Archer:
You have requested an opinion of the Attorney General regarding the operation of a concession stand located on property owned by the Concordia Recreation District Number Three (District). You stated the concession stand is currently being operated by representatives of seven different baseball and softball leagues who use the adjoining playing fields. You specifically state that these leagues operate the concession stand for a profit, providing refreshments to patrons who attend ball games, but the District receives no monetary remunerations for the operation of the concession stand.
You further stated that the District provides financial assistance to these athletic leagues every season to help defray expenses, pursuant to its authority to promote recreation as provided in La.R.S. 33:4563. The District normally accomplishes this by reimbursing each league up to a fixed monetary amount, provided receipts are presented to the District showing approved recreation equipment was purchased. You have asked our office whether the District should "be responsible for monitoring the financial aspects of these concession stands; that is, the purchasing, sales, and inventories of food and drinks; and ultimately, the distribution and usage of profits from these sales?"
For the reasons set forth below, our office is of the opinion that the District is responsible for the concession stand located on District property. The District may operate the stand on its own or enter into agreements with the various leagues for the non-exclusive use of the concession stand for fair value. Failure to receive fair value would amount to a donation of public funds which is expressly prohibited by Article VII, Section 14 of the Louisiana Constitution. See, La. Atty. Gen. Op. Nos. 00-322 and 01-0270. It must also be noted that since this use of the stand by these leagues is non-exclusive *Page 2 
in nature, the Louisiana Public Lease law[1] is not applicable.See La. Atty. Gen. Op. No. 00-0340.
With regards to the operation of the concession stand you stated that the representatives of the individual leagues and the District's recreation director were the parties normally operating the stand. You were concerned that allowing the recreation director to operate the stand may also present a dual-employment or ethics issue. It is the opinion of our office that no dual-employment problem exists in this situation since overseeing an individual athletic league does not fall within the statutory definition of "employment" found in La.R.S. 42:62(3). With regards to ethics, our office defers to the Louisiana Board of Ethics on all ethics law queries to insure the uniform application of Louisiana Ethics Law by the agency entrusted with its implementation. The District may desire to submit the facts pertaining to this possible ethics issue to the Louisiana Board of Ethics for an opinion on this matter if such a request is deemed necessary.
In conclusion, it is the opinion of our office that the District is responsible for monitoring all aspects of the concession stand located on district property. It is further our opinion that the District is authorized to enter into non-exclusive use agreements with the various leagues to operate the stand conditioned upon the District receiving fair value for the use of the stand. The District may offset the payment received from the leagues against the District obligations set forth in La.R.S. 33:4563. The contractual agreements between the District and the leagues, allowing use of the District concession stand, should be thoroughly documented for audit purposes. In addition, our office is of the opinion that the recreation director for the District may oversee the individual athletic leagues and the District concession stand pursuant to his authority and responsibility as the District recreation director.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ DANIEL D. HENRY JR. Assistant Attorney General
 JDC/DDH/jv
[1] La.R.S. 41:1211, et seq.